1                                                                                                 SC

2   **WO**

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9   James L. Jefferson,                    )    No. CV 1-06-0723-DGC
                                           )
10          Plaintiff,                     )    **ORDER**
                                           )
11   vs.                                   )
                                           )
12   Alfred McClendon, et al.,             )
                                           )
13          Defendants.                    )
                                           )
14  ─────────────────────────────

15          This case was reassigned to the undersigned judge on November 25, 2008.  (Doc.#

16   22.)[1]  Plaintiff James L. Jefferson, who is confined in Vacaville, California, filed a *pro se*

17   civil rights Complaint pursuant to 42 U.S.C. § 1983, which was superceded by a First

18   Amended Complaint.[2]  (Doc.# 21.)   The Court will order Defendant Cook to answer

19   Plaintiff's retaliation claim in the First Amended Complaint and will dismiss the remaining

20   claims and Defendants without prejudice.

21   **I.      Statutory Screening of Prisoner Complaints**

22          The Court is required to screen complaints brought by prisoners seeking relief against

23   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

25   ─────────────────────

26          [1] "Doc.#" refers to the docket number of filings in this case.

27          [2] The First Amended Complaint supersedes the original complaint in its entirety.
     Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

JDDL   28

1  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

2  be granted, or that seek monetary relief from a defendant who is immune from such relief.

3  28 U.S.C. § 1915A(b)(1), (2).

4  **II.     First Amended Complaint**

5        Plaintiff appears to allege retaliation for filing a grievance, deprivation of property,

6  and failure to treat injuries following an assault by another inmate.  Plaintiff sues only

7  Sergeant Cook, then at Corcoran State Prison (CSP) and Counselor Felder, also then at CSP.[3]

8  Plaintiff seeks injunctive and compensatory relief.

9        Although only somewhat legible, Plaintiff appears to allege the following facts:

10  Plaintiff filed a grievance against Sergeant Cook regarding Plaintiff's property.  Plaintiff,

11  who identifies himself as homosexual, was raped on December 17, 2005 and had a fight with

12  another inmate who had been beating and raping Plaintiff.  The inmate also bit Plaintiff's

13  nose.  Cook interviewed Plaintiff about the incident in a very unprofessional manner and,

14  when Plaintiff refused to drop his grievance against Cook, placed Plaintiff in the special

15  handling unit (SHU), rather than administrative segregation.  The other inmate was not

16  punished.

17  **III.    Failure to State a Claim**

18        To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

19  conduct about which he complains was committed by a person acting under the color of state

20  law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

21  Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he

22  suffered a specific injury as a result of the conduct of a particular defendant and he must

23  allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.

24  Goode, 423 U.S. 362, 371-72, 377 (1976).

25  /      /      /

26

27        [3] Plaintiff named Alfred McClendon and N. Calsen as Defendants in his original

28  Complaint, but has not named them in his First Amended Complaint.  The Court will direct
that the docket be modified to reflect their termination as Defendants.  See n.2, supra.

JDDL                                                    - 2 -

1

### A.     Felder

2      Plaintiff names Felder as a Defendant.  To state a claim against a defendant, "[a]
3 plaintiff must allege facts, not simply conclusions, that show that an individual was
4 personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d
5 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff
6 must allege that the official acted as a result of a policy, practice, or custom.  See Cortez v.
7 County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  There is, however, no
8 *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a
9 someone who allegedly violated a plaintiff's constitutional rights does not make him liable.
10 Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040,
11 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is only liable for
12 constitutional violations of his subordinates if the supervisor participated in or directed the
13 violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at
14 1045.  In his First Amended Complaint, Plaintiff fails to allege any facts to support that
15 Felder violated Plaintiff's constitutional rights.  Accordingly, Felder will be dismissed.

16

### B.     Property

17      Although unclear, Plaintiff also appears to assert that Cook wrongfully deprived him
18 of due process.  Where the state makes a meaningful post-deprivation remedy available,
19 neither a negligent, nor an intentional, deprivation of an inmate's property by a state
20 employee violates the inmate's Fourteenth Amendment right to due process.  Parratt v.
21 Taylor, 451 U.S. 527, 541 (1981) (negligent); Hudson v. Palmer, 468 U.S. 517, 533 (1984)
22 (intentional). The availability of a common-law tort suit against a state employee constitutes
23 an adequate post-deprivation remedy.  Hudson, 468 U.S. at 534-35.  Because the State makes
24 available a meaningful post-deprivation remedy, Plaintiff fails to state a claim for violation
25 of his Fourteenth Amendment rights.

26

### C.     Medical Care

27      Plaintiff states that he was injured in the assault described above but that he did not
28 receive "good medical treatment" for his injuries and suffered pain for weeks.  To state a

JDDL

1   claim for denial of constitutionally adequate medical care, a plaintiff must allege facts to

2   support that he has or had a serious medical need and that a particular defendant acted with

3   deliberate indifference to that need. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Lolli

4   v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003).  To allege a serious medical

5   need, a plaintiff must set forth facts to support that the "failure to treat a prisoner's condition

6   could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

7   Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d

8   1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs, Inc. v. Miller, 104

9   F.3d 1133 (9th Cir. 1997) (*en banc*)).  A plaintiff must also allege facts to support that a

10  defendant was deliberately indifferent to a serious medical need.  "Deliberate indifference

11  is a high legal standard."   Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

12  Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere

13  with medical treatment."  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988).

14  Mere negligence, however, "in diagnosing or treating a medical condition, without more,

15  does not violate a prisoner's Eighth Amendment rights." Lopez, 203 F.3d at 1132 (quoting

16  Hutchinson, 838 F.2d at 394).  Further, a delay in receiving medical care, without more, is

17  insufficient to state a claim against a jailor for deliberate indifference unless the plaintiff can

18  show that the delay in treatment harmed him.  Shapley v. Nevada Bd. of State Prison

19  Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

20       Plaintiff fails to allege facts to support that he had a serious medical need.  That is, he

21  fails to describe the extent of his injuries except to say they were painful.  He also fails to set

22  forth facts to support that any named Defendant acted with deliberate indifference to his

23  medical needs.  For these reasons, Plaintiff fails to state a claim for deliberate indifference

24  to his serious medical needs.

25  **IV.   Claims for Which an Answer Will be Required**

26       Plaintiff sufficiently states a claim of retaliation against Sergeant Cook.  Accordingly,

27  he will be required to respond to the First Amended Complaint.

28  /     /     /

JDDL

- 4 -

1  **V.     Warnings**

2          **A.     Address Changes**

3          Plaintiff must file and serve a notice of a change of address in accordance with Rule

4  83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

5  a motion for other relief with a notice of change of address.  Failure to comply may result in

6  dismissal of this action.

7          **B.     Copies**

8          Plaintiff must submit an additional copy of every filing for use by the Court.  See

9  LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further

10  notice to Plaintiff.

11          **C.     Possible Dismissal**

12          If Plaintiff fails to timely comply with every provision of this Order, including these

13  warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

14  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

15  comply with any order of the Court).

16  **IT IS ORDERED:**

17          (1)     Plaintiff's claims for deprivation of property and denial of medical care and

18  and Defendant Felder are **dismissed** without prejudice.  (Doc.# 21.)

19          (2)     Defendant Cook must answer Plaintiff's claim of retaliation.  (Doc.# 21.)

20          (3)     The Clerk of Court must send Plaintiff a service packet including the First

21  Amended Complaint (doc.# 21), this Order, a Notice of Submission of Documents form, an

22  instruction sheet, and copies of summons and USM-285 forms for Defendant Cook.

23          (4)     Within **30 days** of the date of filing of this Order, Plaintiff must complete and

24  return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit

25  with the Notice of Submission of Documents: a copy of the First Amended Complaint for

26  each Defendant, a copy of this Order for each Defendant, a completed summons for each

27  Defendant, and a completed USM-285 for each Defendant.

28

JDDL                                                      - 5 -

(5) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(6) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

(7) The Clerk of Court must modify the docket for this case to reflect the termination of Defendants McClendon, Felder, and Calsen as Defendants.

DATED this 5th day of February, 2009.

*David G. Campbell*
United States District Judge