**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| James L. Jefferson, | ) | No. 1:06-cv-00723-DGC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| B. Cooke, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff James Jefferson, an inmate at a California state prison, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. #1-2), which was superceded by an amended complaint (Dkt. # 21).  Defendant has filed a motion to dismiss the amended complaint on the ground that Plaintiff failed to exhaust administrative remedies. Dkt. #28. Plaintiff has responded to the motion to dismiss by filing several "motions to continue the complaint." Dkt. ##32, 35, 37, 39.  Defendant has filed a reply brief. Dkt. #38.  No party has requested oral argument.  For reasons that follow, the Court will grant Defendant's motion and dismiss the amended complaint without prejudice.

**I.      Plaintiff's Allegations.**

Although Plaintiff's pleadings and other filings are only somewhat legible, Plaintiff appears to allege the following facts:

In May 2005, a fellow inmate at CSP-Corcoran raped and beat Plaintiff and stole some of his property. Plaintiff filed a "Form 602" administrative grievance, and correctional officer Cooke was assigned to handle Plaintiff's property claim.  Cooke induced Plaintiff into

1   withdrawing his grievance by promising to compensate him for his stolen property.  Cooke

2   reneged on his promise, providing Plaintiff with "junk stuff" that did not come close to the

3   value of the stolen property.

4        Plaintiff filed a grievance against Cooke in November 2005.  Cooke responded by

5   interviewing Plaintiff in an unprofessional manner, but Plaintiff continued to pursue his

6   grievance.  In retaliation for Plaintiff's persistence, Cooke arranged for another inmate to

7   fight and seriously injure Plaintiff on December 17, 2005.  Cook also had Plaintiff placed in

8   the special handling unit (SHU), rather than administrative segregation.  *See* Dkt. ##1-2, 21.

9   **II.   Defendant's Motion to Dismiss.**

10       The Prisoner Litigation Reform Act of 1996 ("PLRA") contains an exhaustion

11   requirement for civil rights claims:  "No action shall be brought with respect to prison

12   conditions under section 1983 of this title, or any other Federal law, by a prisoner confined

13   in any jail, prison, or other correctional facility until such administrative remedies as are

14   available are exhausted."  42 U.S.C. § 1997e(a).  A primary purpose of this exhaustion

15   requirement is to "afford[] corrections officials time and opportunity to address complaints

16   internally before allowing the initiation of a federal case."  *Porter v. Nussle*, 534 U.S. 516,

17   525 (2002).  The PLRA therefore requires an inmate to exhaust all available remedies

18   "irrespective of the forms of relief sought and offered through administrative remedies."

19   *Booth v. Churner*, 532 U.S. 731, 741 (2001).

20       Defendant argues that the amended complaint should be dismissed without prejudice

21   because Plaintiff has failed to exhaust his administrative remedies. Dkt. #28-2.  In deciding

22   a motion to dismiss for a failure to exhaust, the Court "may look beyond the pleadings and

23   decide disputed issues of fact."  *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

24   If the Court concludes that "the prisoner has not exhausted nonjudicial remedies, the proper

25   remedy is dismissal of the claim without prejudice."  *Id.* at 1119-20.

26       A California prisoner or parolee "may appeal 'any departmental decision, action,

27   condition, or policy which they can demonstrate as having an adverse effect upon their

28   welfare.'"  *Jones v. Swingle*, No. CIV S-9-0619 GEB EFB P, 2010 WL 118377, at *3

1  (E.D. Cal. Jan. 8, 2010) (quoting Cal. Admin. Code tit. 15, § 3084.1(a)).  To exhaust his

2  administrative remedies, the prisoner "must proceed through several levels of appeal:

3  (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form;

4  (3) second-level appeal to the institution head or designee; and (4) third-level appeal to the

5  Director of the CDC." *Kelly v. Sogge*, No. CV 08-1823 CTB, 2010 WL 99375, at *3 n.7

6  (E.D. Cal. Jan. 8, 2010) (citing Cal. Admin. Code tit. 15 § 3084.5).  A final decision by the

7  Director's level satisfies the exhaustion requirement of the PLRA.  *See id.*; *see also*

8  *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (describing administrative remedies for

9  California prisoners); *Brown v. Valoff*, 422 F.3d 926, 929-30 (9th Cir. 2005) (same).

10  Defendant has presented evidence showing that while Plaintiff filed numerous

11  administrative grievances between May 2005, when Plaintiff was assaulted by another

12  inmate, and May 2006, when Plaintiff commenced this action (*see* Dkt. #1-2), none of those

13  grievances alleged retaliation on the part of Defendant.  Dkt. #28-2 at 4; Dkt. ##28-3 through

14  28-6.  Plaintiff claims that Defendant has stopped him from filing grievances on numerous

15  occasions, has sabotaged his legal mail, and has falsified paperwork.  Dkt. ##35, 37, 39.

16  Plaintiff specifically asserts that he has "lots of evidence to support that the Defendant tried

17  to stop [Plaintiff] from filing a 602 administrative grievance against him."  Dkt. #37 at 5.

18  Plaintiff made a similar assertion in his first motion to continue the complaint, stating that

19  he filed administrative grievances on Defendant, that he has supporting evidence in his

20  possession, and that he can provide this evidence to the Court upon request.  Dkt. #32.  The

21  Court extended the response deadline for an additional 30 days and explicitly directed

22  Plaintiff to file any such evidence in opposition to the motion to dismiss.  Dkt. #33.  Plaintiff

23  has filed two more motions to continue the complaint (Dkt. ##37, 39) and a supporting

24  memorandum (Dkt. #35), but has failed to present evidence that he grieved the retaliation

25  claim asserted in this federal action.

26  Defendant has met his "burden of raising and proving the absence of exhaustion."

27  *Wyatt*, 315 F.3d at 1119; *see Brown*, 422 F.3d at 941-42 (prisoner did not exhaust his

28  administrative remedies where his grievances involved claims different from those asserted

1    in his federal complaint).  The Court will grant the motion to dismiss.

2    **III.    Plaintiff's *Pitchess* Motion.**

3            Petitioner has filed a *Pitchess* motion requesting all 602 grievance forms filed against

4    Defendant by other inmates.  Dkt. #34.  In *Pitchess v. Superior Court*, 522 P.2d 897 (Cal.

5    1974), the California Supreme Court held that a criminal defendant is entitled to a law

6    enforcement officer's personnel records if the defendant can show the records are necessary

7    character evidence.  A *Pitchess* motion "may be appropriate only if brought by a defendant

8    in the context of a state criminal trial, not by a plaintiff in a federal civil rights action."

9    *Turner v. Spence*, No. CIV S 07-0022 GGH P, 2008 WL 927709, at *9 (E.D. Cal. Apr. 4,

10   2008) (citations omitted).  Petitioner's *Pitchess* motion will be "denied because it is

11   misplaced in this federal civil action."  *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS

12   PC, 2009 WL 120311, at *8 (E.D. Cal. May 4, 2009).

13           **IT IS ORDERED:**

14           1.      Defendant's motion to dismiss (Dkt. #28) is **granted**.

15           2.      The amended complaint (Dkt. #21) is **dismissed** without prejudice.

16           3.      Plaintiff's motions to continue the complaint (Dkt. ##37, 39) are **denied**.

17           4.      Plaintiff's *Pitchess* motion (Dkt. #34) is **denied**.

18           5.      The Clerk is directed to **terminate** this action.

19           DATED this 26th day of January, 2010.

20

21

22           _____

23                         David G. Campbell
                        United States District Judge

24

25

26

27

28